UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL J S SMITH III, | No. 2:14-cv-2444 JAM DAD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OFFICE OF CHILD SUPPORT ENFORCEMENT, | |
| Defendant. | |

Plaintiff, Cornell Smith, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the

1

1 proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
2 bound to deny a motion seeking leave to proceed in forma pauperis.").

3     Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
4 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
5 state a claim on which relief may be granted, or seeks monetary relief against an immune
6 defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an
7 arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
8 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
9 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
10 factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

11     To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
12 state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
13 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
14 true the material allegations in the complaint and construes the allegations in the light most
15 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
16 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
17 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
18 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
19 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
20 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21     The minimum requirements for a civil complaint in federal court are as follows:

22         A pleading which sets forth a claim for relief . . . shall contain (1) a
        short and plain statement of the grounds upon which the court's
23         jurisdiction depends . . . , (2) a short and plain statement of the
        claim showing that the pleader is entitled to relief, and (3) a demand
24         for judgment for the relief the pleader seeks.

25 FED. R. CIV. P. 8(a).

26     Here, plaintiff's complaint is deficient in several respects.  In this regard, plaintiff's
27 complaint fails to contain a short and plain statement of the grounds upon which the court's
28 jurisdiction depends and a short and plaintiff statement of a claim showing that plaintiff is entitled

to relief. Instead, the complaint merely contains vague and conclusory allegations. For example, the complaint alleges that by "opening a case of child support against plaintiff," the defendant "negligently or maliciously proceed with opening a case against plaintiff," and that the defendant's "defamation has caused a substantial amount of injury as a result of this negligence or malice." (Compl. (Dkt. No. 1) at 2-3.)

Moreover, the factual allegations of the complaint concern plaintiff's assertion that he "was tricked into making an appearance" in the Sacramento County Superior Court by defendant, Sacramento County Office of Child Support Enforcement, which resulted in plaintiff being "ordered to pay $74.00 per month in child support." (Id.) Attached to plaintiff's complaint, are numerous documents from the Sacramento County Superior Court, including a February 5, 2013 order that plaintiff pay $74 per month for child support. (Id. at 35.)

Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d

at 1164).  See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)), cert. denied 547 U.S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158).  See also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Here, plaintiff failed to prevail in state-court, is now complaining of injuries caused him by a state-court judgment rendered before this federal action was commenced, and is inviting this federal court to review those state court proceedings to find error.  As recognized by the authorities cited above, under the Rooker-Feldman doctrine this federal district court is precluded from hearing such an action.

/////

/////

4

LEAVE TO AMEND

For the reasons set forth above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim over which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious lack of subject matter jurisdiction, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case. See Nadolski v. Winchester, No. 13-CV-2370 LAB DHB, 2014 WL 3962473, at *4 (S.D. Cal. Aug. 6, 2014) ("Nadolski's claims are a similar attempt to challenge, here in federal court, an adverse family court ruling in state court. These claims are barred by the Rooker–Feldman doctrine."); Mellema v. Washoe County Dist. Atty., No. 2:12-cv-2525 GEB KJN PS, 2012 WL 5289345, at *2 (E.D. Cal. Oct. 23, 2012) ("In this case, plaintiff's request that this court 'cancel' the family court order and child support debt owed plainly amounts to a forbidden de facto appeal of the state court's order directing plaintiff to pay child support."); Rucker v. County of Santa Clara, State of California, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) ("Rucker challenges his original child support order on jurisdictional grounds, disputes his total child support arrearages, and alleges that Santa Clara County's garnishment order against his disability benefits payments is invalid. Thus, Rucker's claims are 'inextricably intertwined' with the state court's ruling.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 17, 2014 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2. Plaintiff's October 17, 2014 complaint (Dkt. No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

5

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 27, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\smith2444.ifp.den.f&rs